RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/25/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CENTURYTEL OF CHATHAM, LLC, ET AL. | CIVIL ACTION NO. 09-1951 |
| VERSUS | JUDGE ROBERT G. JAMES |
| SPRINT COMMUNICATIONS COMPANY LP | MAG. JUDGE MARK HORNSBY |

## RULING

Pending before the Court is a Motion to Dismiss Count II and Refer the Other Counts to the Federal Communications Commission ("Motion to Dismiss") [Doc. No. 11] filed by Defendant Sprint Communications Company LP ("Sprint"). The motion was referred to Magistrate Judge Mark Hornsby for report and recommendation. On December 15, 2010, the Magistrate Judge issued a Report and Recommendation [Doc. No. 28] recommending that the motion be granted, that Count II of Plaintiffs' Complaint be dismissed for failure to state a claim on which relief may be granted, and that the case be stayed while the remaining counts in Plaintiffs' Complaint are referred to the Federal Communications Commission ("FCC"). On December 29, 2010, Plaintiffs filed an Objection to the Report and Recommendation expanding their arguments and requesting oral argument. [Doc. No. 29]. On January 11, 2011, Sprint filed a Response. [Doc. No. 34].

After a *de novo* review of the record, the Court ADOPTS the Report and Recommendation of the Magistrate Judge. The Court issues this Ruling to address arguments that were not addressed in the Report and Recommendation.

**II.    Count II**

In the Report and Recommendation, the Magistrate Judge found that there was nothing in 47

U.S.C. § 251(g) "that clearly and unmistakably creates a right for a local exchange carrier to sue under the statute regarding [the] right to receipt of compensation for services." [Doc. No. 28, p. 6].

Plaintiffs argue that "[b]ecause Section 251(g) entitles [Plaintiffs] to 'receipt of compensation' for the services it provides Sprint, dismissal of Count II would be inconsistent with the rationale if not the express holding of *Global Crossing* that a carrier's refusal to pay compensation is unjust and unreasonable in violation of 47 U.S.C. § 201(b)." [Doc. No. 29, p. 6] (citing *Global Crossing v. Metrophones*, 550 U.S. 45 (2007)). In *Global Crossing*, the FCC issued an order equating a carrier's violation of a compensation rule with "unjust and unreasonable" conduct in violation of 47 U.S.C. § 201(b). 550 U.S. at 54. In this case, the FCC has not issued an order that establishes a statutory violation. Therefore, *Global Crossing* is inapplicable to this case. *See North Cnty. Commc'ns Corp. v. Cal. Catalog & Tech.*, 594 F.3d 1149, 1158-60 (9th Cir. 2010); *Va. Elec. & Power v. Comcast*, No. 1:09-cv-1149, 2010 WL 916953, at *6 (E.D. Va. March 8, 2010).

## II. Primary Jurisdiction

In the Report and Recommendation, the Magistrate Judge also found that "the best exercise of the court's discretion in these circumstances would be to stay this case, refer the remaining counts of the complaint to the FCC, and close this civil action for administrative purposes." [Doc. No. 28, p. 10].

Plaintiffs argue that the FCC does not have jurisdiction or specialized expertise to interpret Plaintiffs' State Access Tariffs and that many of the state commissions that previously approved the State Access Tariffs lack statutory authority to award damages to Plaintiffs. [Doc. No. 29, p. 2 (citing *State ex rel. Indianapolis Water Co. v. Niblack*, 161 N.E.2d 377, 378 (Ind. 1959); *Straube v.*

*Bowling Green Gas Co.*, 227 S.W.2d 666, 668 (Mo. 1950))]. Plaintiffs also argue that referral to the FCC would serve no purpose other than delay because the FCC does not entertain collection actions nor act as a collection agent for carriers with respect to unpaid tariffed charges. [Doc. No. 29, p. 4 (citing *Global Crossing*, 550 U.S. at 68 n.1; *Petition for Declaratory Ruling that AT&T's Phone-to-Phone IP Telephony Services are Exempt from Access Charges*, 19 F.C.C.R. 7457, at ¶ 23 n.93 (Order April 21, 2004))]. Any action by the FCC, therefore, would apply prospectively only.

However, the State Access Tariffs involve only one count in Plaintiffs' Complaint. By referring this matter to the FCC, the Court intends for the FCC to **interpret** those counts involving Federal Access Tariffs. Thereafter, any party may seek a judgment based on the FCC's ruling in this Court, including a claim based on unjust enrichment for past invoices due.

Finally, Plaintiffs argue that the primary jurisdiction doctrine is inapplicable because the invoices are all based on Plaintiffs' tariffed rates which are valid until set aside. However, the main issue in this case is whether Plaintiffs' tariffed rates are even applicable to VoIP originated calls, not whether those tariffed rates are valid.

The Court finds that the best exercise of its discretion is to stay this case and refer the remaining counts of Plaintiffs' Complaint to the FCC.

### III. CONCLUSION

For the foregoing reasons and the reasons stated in the Report and Recommendation of the Magistrate Judge, Sprint's Motion to Dismiss [Doc. No. 11] is GRANTED, Count II of Plaintiffs' Complaint is DISMISSED WITH PREJUDICE, this case is STAYED, and the remaining counts in Plaintiffs' Complaint are referred to the FCC. After one year from the date of this Ruling, if any party is not satisfied that the FCC has made substantial progress toward deciding the matter, the party

may file a motion to vacate the stay with this Court.

Plaintiffs' request for oral argument as construed as a Motion for Hearing [Doc. No. 29] is DENIED.

MONROE, LOUISIANA, this 24 day of January, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE